UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON MILLER,

    Plaintiff,

v.                                  Case No. 8:15-cv-0015-T-33EAJ

FED LOAN SERVICES, and
US DEPT OF EDUCATION,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On January 7, 2015, pro se Plaintiff Sharon Miller filed a document styled as a letter and construed by this Court as a Complaint. (See Doc. # 1). Upon review of the Complaint, the Court determines that Miller has failed to state a claim upon which relief can be granted.

**Discussion**

In accordance with Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id.

Construing Miller's Complaint liberally due to her *pro se* status, the Court reaches the inescapable conclusion that although this Court has subject matter jurisdiction over this action due to the United States Department of Education as a Defendant, Miller has failed to articulate any causes of action. It is clear that Miller is seeking redress for money paid for tuition and treatment she received from the education facility. However, the Complaint contains a minimal amount of information, making it difficult for this Court to decipher what specific causes of action are being brought and why they are being brought against these particular Defendants, especially the United States Department of Education. The Complaint does not specifically reference a constitutional amendment or federal statute, and even if it did, a mere reference to federal law is not enough. The Court has no obligation to hypothesize a federal claim, even considering Miller's *pro se* status. See Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient

pleading in order to sustain an action.")(internal quotation omitted).

Having determined that Miller has failed to state a claim upon which relief can be granted, the Court dismisses this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The case is dismissed for failure to state a claim upon which relief can be granted.

(2) The Clerk is directed to terminate any pending motions and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of January, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record